JUSTICE TRIEWEILER
specially concurring.
I concur with the result reached by the majority. However, I would reach that result for different reasons.
It is correct that § 50-16-535, MCA, pertains to the discovery of health care information, rather than its admissibility. However, in his motion in limine, defendant relied on § 50-16-535, MCA, as his basis for arguing that his records were privileged, and therefore, inadmissible.
If § 50-16-535, MCA, is the basis for the privilege that defendant asserts, then I conclude that the records in this case were an exception to the privilege by the terms of that same statute, which provides in part that:
(1) Health care information may not be disclosed by a health care provider pursuant to compulsory legal process or discovery in any judicial, legislative, or administrative proceeding unless:
(j) the health care information is requested pursuant to an investigative subpoena issued under 46-4-301.
In this case, the health care records that defendant sought to suppress were obtained by the prosecuting attorney pursuant to an investigative subpoena issued by the District Court after a hearing which was held on May 23, 1992. Since the statute relied upon by defendant contained, by its own terms, an exception to the privilege that it established, and since the results of blood tests are otherwise relevant and admissible in the type of prosecution that this case involved, I would affirm the judgment of the District Court.